UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In the Matter of the Complaint of WITTICH
BROS. MARINE, INC., as Owner and
Operator of the Tug SEA BEAR, for
Exoneration from or Limitation of Liability,

      Petitioner.
---------------------------------------------------------X

WEXLER, J.
LINDSAY, M.J.
15 Civ. _____

COMPLAINT

  Petitioner, WITTICH BROS. MARINE, INC. ("Petitioner"), as owner and operator of the tug SEA BEAR ("Tug" or SEA BEAR"), in accordance with 46 U.S.C. §§ 3051 et seq., by its attorneys Mahoney & Keane, LLP, alleges, upon information and belief, as follows:

  1. This is a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime claims, as hereinafter more fully appears.

  2. Venue is proper in this District, because, pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Tug has not been arrested or attached, suit has not been commenced against the Petitioner, and the Tug is a total loss so will not be in any other District.

  3. At all relevant times, Petitioner was a corporation organized and existing pursuant to the laws of New York and the owner and operator of the Tug.

  4. The Tug was a 1990 built self-propelled, motorized uninspected towing vessel of steel construction with an official Coast Guard Number 963437 with the following particulars: 62 feet in length and 21 feet in breadth and 74 gross registered tons. The Tug sank in about 46 feet of water at the approximate position of 40-39N:073-

03.7W; which area is approximately ¾ miles due south of Fire Island Pines, New York in the Atlantic Ocean. The voyage commenced when the Tug and a crew of four departed a dredge site just west of Moriches, New York without tow to return to the office of the Petitioner at Bayonne, New Jersey.

5. Prior to and at all times hereinafter described, Petitioner exercised due diligence to make and maintain the Tug in all respects seaworthy, and the Tug was, in fact, tight, staunch, strong, and fully and properly manned, equipped, and supplied, and in all respects fit and proper for the service in which it was engaged at the time of the incident described herein.

6. The operation and management of the Tug was in all respects in compliance with all legal requirements.

7. Due to unforeseeable causes, on or about the afternoon of March 14, 2015, the Tug sunk at the approximate location referred to above.

8. The United States Coast Guard recovered the Tug's four crew members, all of whom had abandoned the vessel, however Donald Maloney was deceased.

9. The loss of life of Donald Maloney was not contributed to or caused by any fault, neglect, want of care, design, or unseaworthiness on the part of the Tug, Petitioner, or Petitioner's agents, manager, or crew.

10. The loss of life of Donald Maloney and any damages resulting therefrom were caused, done, occasioned, and incurred without the privity or knowledge of Petitioner, or of Petitioner's agents or managers, at or prior to the commencement of, or during, the voyage upon which the Tug was engaged at the time of the accident.

11. The total amount of claims which have been made, or which may in the future be made, for the loss of life of Donald Maloney is not presently known; however, Petitioner anticipates and believes that suits and claims will be asserted and prosecuted against it in amounts exceeding the total sum or sums for which Petitioner may be legally responsible or may be required to pay under the applicable statutes governing liability. Attached hereto as Exhibit A is a schedule of all potential claimants or suitors of whom Petitioner has knowledge as of the time of the filing of this Petition.

12. There are no demands, unsatisfied claims of liens against the Tug arising out of the voyage herein described, or any claims or suits pending thereon, so far as is presently known to Petitioner, other than what may be considered a claim on behalf of the Estate of Donald Maloney about which first contact was through a letter to the Petitioner received on or about May 5, 2015 from Rappaport, Glass, Levine & Zullo, attorneys at law, 1355 Motor Parkway, Hauppauge, N.Y. 11749.

13. This Petition is filed within six months from the receipt of the first claim from the Estate of Donald Maloney arising from the aforementioned voyage and sinking.

14. The value of Petitioner's interest in the Tug following the casualty is estimated at a maximum of zero dollars as set forth in the affidavit of Claudio N. Crivici, a certified maritime surveyor and appraiser of vessels, Exhibit B. No freight was owed on the voyage at issue as the Tug was not on hire at that time.

15. Petitioner herewith deposits with the Court as security for costs pursuant to Supplemental Admiralty Rule F (1), a Stipulation for costs in the amount of $250.00.

16. Petitioner, as owner and operator of the Tug SEA BEAR specifically claims that it be adjudged not liable for and exonerated from any and all injury, loss of

life, destruction, and damage caused by, or resulting from, the aforesaid accident, or done, occasioned, or incurred on the aforesaid voyage on which the said accident occurred, and with respect to any and all claims thereof or relating thereto, Petitioner alleges that it has valid defenses on the facts and on the law. Alternatively, Petitioner, without admitting but denying liability, expressly claims the benefit of limitation of liability as provided for in The Limitation of Liability Act 46 U.S.C. §§ 30501 et seq., and the various statutes supplemental thereto and amendatory thereof. Petitioner herewith has not deposited with the Court a security for the benefit of claimants, as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and by the Rules and practices of this Court since the vessel and freight at the end of the voyage had a zero value. Petitioner is ready and willing to give and/or cause to be given a stipulation with sufficient bond, surety or security for the payment into the Court of the amount of value, if any, of the Petitioner's interest in the Tug SEA BEAR together with its pending freight, if any, at the end of the above-described casualty, whenever the same shall be ordered by the Court, as provided by Rule F of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and by the rules and practices of this Honorable Court.

17. If it later appears that Petitioner is or may be liable and the amount or value of Petitioner's interest in the Tug is not sufficient to pay all losses in full, Petitioner requests that claimants shall then share pro rata in the aforesaid sum, saving to each the right of priority he or she may have, as ordered by the Court as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules for

Certain Admiralty and Maritime Claims and Rule F thereof, and by the Rules and practices of this Court.

WHEREFORE, Plaintiff prays that:

a. This Court, if requested by motion, cause an appraisement to be made of the amount or value of the Petitioner's interest in the Tug Sea Bear and her pending freight, if any, immediately following the subject casualty;

b. This Court approve Petitioner's Stipulation for Costs of $250.00 as sufficient security for costs;

c. This Court issue Notice to all persons asserting claims with respect to which this petition seeks limitation notifying such persons to file their respective claims with the Clerk of this Court and to serve on the attorneys for Petitioner a copy thereof on or before a date to be named in the Notice, and that if any such claimants desire to contest Petitioner's claim that it is not liable, or its right to limitation of liability, each such claimant shall also file and serve on the attorneys for Petitioner an Answer to the Petition on or before the said date, unless the claim has included an Answer, so designated;

d. This Court enjoin the further prosecution of any and all actions, suits, or proceedings already commenced, as well as the commencement and prosecution of any and all future actions, suits, or proceedings, of any nature or description whatsoever in any jurisdiction against Petitioner, the Tug SEA BEAR, the agents, representatives, employees, or insurers of Petitioner and/or against any property of Petitioner, except in this action, to recover damages for or with respect to injury, death, loss, and damage caused, done, occasioned, or incurred on the voyage described in the Petition;

e. This Court adjudge that Petitioner is not liable and is exonerated with respect to any and all injury, loss, damage, or destruction caused by or resulting from the aforesaid injury, death, loss, and damage done, occasioned, or incurred on the said voyage, and that, in the alternative, if Petitioner shall be adjudged liable, that such liability be limited to the amount or value of Petitioner's interest in the Tug, and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid, or secured to be paid as aforesaid be divided pro rata according to the above-mentioned statutes among such claimants in accordance with the provision of the order hereinabove prayed for, saving to each any priority to which he or she may be legally entitled, and that a decree may be entered, discharging Petitioner and the Tug SEA BEAR from all further liability;

f. This Court grant to Petitioner such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 9, 2015

Respectfully submitted,

MAHONEY & KEANE, LLP
Attorneys for Petitioner

By *[signature]*
Edward A. Keane /
Garth S. Wolfson
40 Worth Street, Tenth Floor
New York, New York 10013
(212) 385-1422

M&K File No. 12/4354                 6