UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN THE MATTER OF THE COMPLAINT OF     MEMORANDUM AND ORDER
WITTICH BROS. MARINE, INC., as Owner and
Operator of the Tug SEA BEAR, for     CV 15-5210
Exoneration from or Limitation of Liability,

   (Wexler, J.)

                        Petitioner.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 09 2018 ★
LONG ISLAND OFFICE

APPEARANCES:

   MAHONEY & KEANE, LLP
   BY:   Edward A. Keane, Esq.
           Garth S. Wolfson, Esq.
   Attorneys for Petitioner
   40 Worth Street, Tenth Floor
   New York, New York 10013

   HOFFMANN & SCHWEITZER
   BY:   Paul T. Hoffmann, Esq.
   Attorneys for Claimant
   360 West 31st Street, Suite 1506
   New York, New York 10001

   280 Park Avenue, 15th Floor West
   New York, New York 10017

WEXLER, District Judge:

      Before the Court is Petitioner's motion for a judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Claimant-in-Intervention opposes the motion in its entirety. For the following reasons, Petitioner's motion is granted in part and denied in part.

## BACKGROUND

Petitioner, Wittich Bros. Marine, Inc. ("Petitioner" or "Wittich Bros."), is the owner and operator of the vessel at issue herein, the tug Sea Bear (the "Tug" or "Sea Bear"). On or about March 14, 2015, the Tug and a crew of four departed from a dredge site west of Moriches, New York, to return to Petitioner's office in Bayonne, New Jersey. (Petition ¶ 4.) Donald Maloney was one of the crew members present on the Tug that day. (Id. ¶ 8.) Some time during the trip to New Jersey, the Tug sank in approximately forty-six feet of water about three-quarters of a mile south of Fire Island Pines. (Id. ¶ 4, 7.) While the United States Coast Guard recovered the Tug's four crew members, all of whom had abandoned the vessel, Donald Maloney ("Maloney") was deceased when his body was located. (Id. ¶ 8.)

On September 9, 2015, Petitioner filed the within limitation of liability action. On January 9, 2017, the Claimant-in-Intervention, Carolyn Badke ("Badke" or "Claimant") - Maloney's ex-wife - filed an Answer and Claim as the Personal Representative of the Estate and Beneficiaries of Donald Maloney. Badke asserts that Maloney drowned to death due to the negligence of Petitioner and the unseaworthiness of the Sea Bear. (Badke Aff. ¶ 2; Claim-in-Intervention ¶¶ 36-38.)

At the time of Maloney's death, his only beneficiary was his daughter with Badke, Corrine Maloney ("Corrine"). (Badke Aff. ¶¶ 1, 7.) On June 15, 2015, Corrine was appointed personal representative and Administrator of Maloney's estate. (Id. ¶ 7; Hoffmann Aff., Ex. 5.) Corrine passed away in an automobile accident on September 3, 2015, prior to commencing any action with respect to Maloney's death. (Badke Aff. ¶ 8; Hoffmann Aff., Ex. 6.)

Thereafter, on October 7, 2015, Badke was granted Letters of Limited Administration

with respect to Corrine's estate, which included the authority to prosecute, settle and defend any claim or cause of action arising from Maloney's death. (Badke Aff. ¶ 11; Hoffmann Aff., Ex. 7.) On April 20, 2016, Badke was also appointed Administrator of Maloney's estate. (Badke Aff. ¶ 13; Hoffmann Aff., Ex. 8.) Badke then filed the Claim-in-Intervention herein, asserting negligence and unseaworthiness claims with respect to Maloney's death on behalf of Corrine's estate. Badke brings her claims under both the Jones Act, 46 U.S.C. § 688, and the general maritime law. Petitioner now seeks to dismiss all of Badke's claims.

## DISCUSSION

I. <u>Legal Standard</u>

When evaluating a motion for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the court employs the same standard as that for a motion to dismiss under Rule 12(b)(6). See Troni v. Holder, No. 09 Civ. 10239, 2010 U.S. Dist. LEXIS 79670, at *4-5 (S.D.N.Y. July 29, 2010) (citing Patel v. Contemporary Classics, 259 F.3d 123, 126 (2d Cir. 2001)); Astrazeneca AB v. Apotex Corp., No. 01 Civ. 9351, 2010 U.S. Dist. LEXIS 58044, at *9 (S.D.N.Y. June 8, 2010) (citing Irish Lesbian & Gay Org. v. Guiliani, 143 F.3d 638, 644 (2d Cir. 1998)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 668 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 668 (citing Twombly, 550 U.S. at 556). As a general rule, the court is required to accept

as true all of the allegations contained in the complaint, see Iqbal, 556 U.S. at 678; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007), and to "draw[] all reasonable inferences in the plaintiff's favor." Troni, 2010 U.S. Dist. LEXIS 79670, at *5 (quoting In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007)).

"Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." FDIC v. M/V "Ville D'Aquarius", No. 08 Civ. 8997, 2009 U.S. Dist. LEXIS 97349, at *8 (S.D.N.Y. Oct. 20, 2009) (quoting Sellers v. M.C. Floor Crafters Inc., 842 F.2d 639, 642 (2d Cir. 1988)). Although the court is generally limited to the facts alleged in the complaint when determining a Rule 12(c) motion, the court may also refer "to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit." Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993) (citation omitted).

II. The Jones Act

Section 33 of the Merchant Marine Act of 1920, commonly referred to as the Jones Act, creates two causes of action for negligence for seamen injured or killed in the course of their employment - "[O]ne is for the wrong to the injured person and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries and is confined to their pecuniary loss through his death." Burns v. Marine Transport Lines, Inc., 207 F. Supp. 276, 277 (S.D.N.Y. 1962) (citations omitted). "The action for decedent's pain and suffering

accrues at the time of injury, while the wrongful death action accrues at death." Id. (citations omitted).

The right of recovery under the Jones Act, if any, depends on Section 1 of the Federal Employers' Liability Act, 45 U.S.C. § 51, which provides that recovery of damages shall be "for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee." Gillespie v. United States Steel Corp., 379 U.S. 148, 156 (1964) (quoting 45 U.S.C. § 51). As the Supreme Court has held on more than one occasion, "this provision 'creates three classes of possible beneficiaries. But the liability is in the alternative. It is to one of the three; not to the several classes collectively.'" Id. (quoting Chicago, B & Q.R. Co. v. Wells-Dickey Trust Co., 275 U.S. 161, 163 (1927)).

Here, any cause of action pursuant to the Jones Act immediately vested in Maloney's daughter, Corrine, upon his death. Had Corrine survived, she could have brought both wrongful death and survivor claims against Petitioner under the Jones Act. However, Corrine passed away prior to instituting any legal action against Petitioner for Maloney's death. Badke now seeks to bring that action on behalf of Corrine's estate. Such conduct has been expressly rejected by the Supreme Court.

As the Supreme Court has made clear, when a cause of action accrues under the Jones Act, "there is an immediate, final and absolute vesting; and the vesting is in that one of the several possible beneficiaries who, according to the express provision in the statute, is declared to be compensated." Chicago, B & Q.R., 275 U.S. at 163. Had Corrine brought an action against Petitioner prior to her death, "it would have been for [her] benefit . . . and no other action

would have lain." Id. at 164. "The failure to bring the action in [her] lifetime did not result in creating a new cause of action after her death" for the benefit of either Badke or Corrine's estate. Id.

Based on the foregoing, any claims Corrine may have been entitled to bring against Petitioner pursuant to the Jones Act abated when Corrine passed away. Badke cannot reinstate them, either on her own behalf or on behalf of Corrine's estate. Accordingly, Petitioner's motion for a judgment on the pleadings with respect to the Jones Act claims is granted and those claims are dismissed, with prejudice.

III. General Maritime Law

In Lindgren v. United States, 281 U.S. 38 (1930), the Supreme Court held that the Jones Act, "limited as it is to recovery for negligence, would preclude recovery for the wrongful death of a seaman resulting from the unseaworthiness of the vessel." Miles, 498 U.S. at 29 (citing Lindgren, 281 U.S. at 47-48). The Court reaffirmed this holding in Gillespie v. United States Steel Corp., 379 U.S. 148 (1964), holding that the Jones Act precludes recovery under state statutes for the wrongful death of a seaman due to unseaworthiness. See id. at 154-56.

However, as the Supreme Court explained in Miles v. Apex Marine Corp., 498 U.S. 19 (1990), "[n]either Lindgren nor Gillespie considered the effect of the Jones Act on a general maritime wrongful death action," because "no such action existed at the time those cases were decided." Id. at 29. Rather, as the Court held in Moragne v. States Marine Lines, Inc., 398 U.S. 375 (1970), the preclusive effect of the Jones Act established in Lindgren and Gillespie applies only to state wrongful death statutes, not to general maritime wrongful death actions. See

Moragne, 398 U.S. at 396 n.12.

In Miles, the Supreme Court explicitly held that "there is a general maritime cause of action for the wrongful death of a seaman," adopting the reasoning of Moragne. Miles, 498 U.S. at 30. As the Court explained, "[t]he Jones Act evinces no general hostility to recovery under maritime law, in that "[i]t does not disturb seamen's general maritime claims for injuries resulting from unseaworthiness." Id. Following this reasoning, a seaman may assert claims for negligence under the Jones Act, as well as for wrongful death due to unseaworthiness under general maritime law.

Petitioner argues that the class of beneficiaries permitted to bring suit under the Jones Act applies to and preempts claims brought under the general maritime law. However, the Court has not found any cases indicating such. Nor does the case law submitted by Petitioner provide such a holding. While it is clear only certain enumerated individuals may bring suit under the Jones Act, as discussed above, there does not appear to be any such limitation on who may bring suit pursuant to the general maritime law. Since Badke has been appointed the personal representative for both Maloney's and Corrine's estates, it appears she could pursue a general maritime law claim for unseaworthiness on behalf of either estate. Accordingly, Petitioner's motion for a judgment on the pleadings is denied with respect to Claimant's general maritime law claim for unseaworthiness.

## CONCLUSION

Based on the foregoing, Petitioner's motion for a judgment on the pleadings is granted in part and denied in part. Specifically, Petitioner's motion is granted with respect to the claims brought pursuant to the Jones Act and those claims are dismissed, with prejudice. With respect to the claim for unseaworthiness, brought pursuant to the general maritime law, Petitioner's motion is denied. The parties are directed to contact the assigned Magistrate Judge to begin discovery on the remaining claim.

**SO ORDERED:**

Dated: Central Islip, New York
January 9, 2018

LEONARD D. WEXLER
United States District Judge